PENDLETON, President,
delivered the resolution of the Court, as follows:
This is an appeal from an order of the High Court of Chancery, awarding writs ■of sequestration upon a former decree in favor of the appellees against the appellant ; which is stated to have been done for good cause shewn; and we presume the reasons assigned were satisfactory, since the appellant did not, by exception, place them upon the record, to enable the Court to judge of their force.
What the appellant states by way of objection, is very unsatisfactory; first, he is in custody for contempt of a decree of that Court, not stated to be the decree of the appellees; or, if it had been, it was no objection to the sequestration; which, perhaps, might be awarded, although his body is in confinement, if it shall appear that he obstinately resolved to lie in prison, to save his estate. His second objection, that he has been paying debts since he was in prison, seems rather a good reason for awarding the writs, as he is thereby exhausting his funds in preferring other creditors, to the injury of the appellees. His third objection is on account of the deed of trust, by which certain property was conveyed to trustees, to be sold by ,them, or any one, to satisfy the instalments as they should become due; which the Court at first thought a reasonable objection; since it did not appear to be on the footing of a common mortgage, as a collateral security, but answering the effect of a sequestration *by an immediate sale for satisfaction; and the rather as the counsel for the appellees was one of the trustees, and had alone a power to sell at any time. But, on further reflection, considering that there might be prior in-cumbrances on the property, or that the appellant might withhold the possession of it, in order to prevent a sale, which might have been part of the good causes shewn, the Court is now of opinion, that the order ought to be affirmed, with costs leaving the question, whether the appeal ought to have been allowed, to be decided in some future case, wherein it shall be necessary.